IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL FIELDS, # K-52492, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-01305-JPG |
| | ) | |
| SHELLIE CARTWRIGHT and JANE/JOHN DOE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Fields, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff is serving a 40-year sentence for murder. He claims that Defendants Shellie Cartwright (Menard inmate counselor) and Jane/John Doe (Menard clinical services supervisor) retaliated against him for filing grievances, in violation of his First Amendment rights, and denied him equal protection of the law, in violation of his Fourteenth Amendment rights, by changing his escape risk classification from "moderate" to "high." Plaintiff seeks monetary damages from Defendants.

**The Complaint**

Plaintiff has been incarcerated at Menard since 2002 (Doc. 1, p. 3). At the time he entered Menard, Plaintiff was classified as a "moderate" escape risk. According to the complaint, Defendants Cartwright and Doe changed Plaintiff's escape risk classification to "high" in 2012, in retaliation for several grievances he filed that year (Doc. 1, p. 4). Each of the grievances[1] addressed "harassment"[2] of Plaintiff that began on January 31, 2012. Plaintiff filed

---

[1] Plaintiff did not file a copy of any grievances or responses with the complaint.

1

an emergency grievance[3] with Menard's warden on February 2, 2012. He filed a separate grievance[4] on March 15, 2012. Plaintiff and his mother continued complaining of harassment to prison officials, including Defendant Cartwright, from February through April 2012. Plaintiff's complaints persisted during his placement in segregation from February 9 - May 31, 2012 (Doc. 1, pp. 4-5).

Defendant Cartwright changed Plaintiff's escape risk classification from "moderate" to "high" on April 13, 2012. His annual photo identification card was changed from blue (indicating a "moderate" escape risk) to red (indicating a "high" escape risk) in October 2012. In addition to Defendant Cartwright, the complaint alleges that Defendant Doe was, "upon belief as well as information," instrumental in Plaintiff's reclassification (Doc. 1, p. 5).

When Plaintiff inquired into the reason for the change in his escape risk classification, he learned that it was because he was a multi-state offender (Doc. 1, p. 5). However, his status as a multi-state offender remained unchanged from the time of his incarceration in 2002 until 2012 (Doc. 1, p. 3). Plaintiff was also told that the change in his status arose from a 2008 incident, in which he obtained a grievance from the prison's law library that included a "hand-drawn graph illustrating that [an] officer's February 25, 2008 disciplinary report was inconsistent and impossible" (Doc. 1, p. 3). For reasons that are unexplained in the complaint, Plaintiff received a disciplinary ticket for "dangerous written material" in connection with this incident, and he was found guilty of this rule violation at his disciplinary hearing (Doc. 1, pp. 3-4). The complaint

---

[2] The complaint is devoid of any details regarding the harassment, such as the name of the perpetrator(s), the nature of the harassment, the frequency of the incidents, etc.
[3] The complaint provides no information regarding the content of the grievance, whether the warden actually received it, and the nature of the warden's response.
[4] The complaint does not identify the recipient of this grievance, the content of the grievance, or the response to it.

concludes that, "[i]f it was not retaliation, what other reason would the administration wait four (4) years to reclassify [P]laintiff" (Doc. 1, p. 6).

Plaintiff now sues Defendants Cartwright and Doe for retaliation, in violation of his First Amendment rights.  He also sues the same defendants for denial of equal protection, in violation of his Fourteenth Amendment rights.  He seeks monetary damages.

**Merits Review Under § 1915A**

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  After fully considering the allegations in the

complaint, the Court deems it appropriate to exercise its authority under § 1915A(b) and summarily dismiss the complaint.

**Discussion**

After carefully considering the allegations, the Court finds that the complaint fails to state any claim against Defendants Cartwright or Doe for reclassifying Plaintiff as a "high" escape risk (**Count 1**), for retaliation under the First Amendment (**Count 2**), or for an equal protection violation under the Fourteenth Amendment (**Count 3**). Accordingly, the complaint shall be dismissed.

**Count 1 – Security Risk Reclassification**

With regard to **Count 1**, the Court finds that the complaint fails to state a claim for unlawful reclassification of Plaintiff. No constitutional claim arises from Plaintiff's reclassification as a "high" escape risk because "prisoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). Accordingly, Count 1 shall be dismissed against Defendants with prejudice for failure to state a claim upon which relief can be granted.

**Count 2 - Retaliation**

With regard to **Count 2**, the Court finds that the complaint fails to state a retaliation claim against Defendants. To succeed on a retaliation claim, a plaintiff must show that: (1) he engaged in activity that is protected under the First Amendment; (2) Defendants' actions would deter such activity in the future; and (3) Plaintiff's complaints motivated Defendants' actions. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In asserting a retaliation claim, "[a]ll that need be specified is the bare minimum

facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

The complaint appears to satisfy the first requirement, i.e., Plaintiff engaged in activity that is protected under the First Amendment.  According to the allegations, Plaintiff filed grievances, and this activity gave rise to retaliation, although it does appear that neither Defendant was the target of Plaintiff's grievances regarding harassment.  Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Construing the allegations liberally, which the Court is required to do at this stage, the first prong of the retaliation claim is satisfied.

The complaint also satisfies the second requirement, i.e., Defendants' actions would deter such activity in the future.  Defendants' reclassification of Plaintiff as a "high" escape risk could deter him from filing future grievances to address the alleged harassment.

However, Count 2 fails because of the third requirement, i.e., Plaintiff's complaints motivated Defendants' actions.  The complaint contains no indicia of retaliatory motive.  With regard to Defendant Cartwright, the complaint generally alleges that Plaintiff and his mother complained of harassment to prison officials, including Defendant Cartwright, from February through April 2012.  Defendant Cartwright allegedly reclassified Plaintiff on April 13, 2012.  The complaint contains no further details regarding the grievances Plaintiff addressed to Defendant Cartwright, such as the number of grievances, whether she received any of them, whether she or Defendant Doe were the target of the complaints, whether she denied them, or on what basis.  It is not clear that she even knew about Plaintiff's grievances.

Further, no allegations suggest that Defendant Cartwright threatened to change Plaintiff's security classification if he continued filing grievances, or that she reclassified him for the reasons stated in the complaint.  The complaint, instead, suggests that Plaintiff learned of these reasons from a third party.  Without more, the complaint simply does not suggest that Defendant Cartwright had any retaliatory motive for changing Plaintiff's escape risk classification. Accordingly, Count 2 fails against Defendant Cartwright and shall be dismissed with prejudice.

The retaliation claim against Defendant Doe is even weaker.  The complaint merely alleges that "upon belief as well as information," Defendant Doe was instrumental in Plaintiff's reclassification (Doc. 1, p. 5).  However, the complaint does not go on to describe, on any level, the "information" that forms the basis of Plaintiff's retaliation claim against Defendant Doe. It sets forth no chronology of events from which retaliation, or retaliatory motive, can be inferred, as it pertains to Defendant Doe.  Therefore, Count 2 shall also be dismissed against Defendant Doe with prejudice.

**Count 3 – Equal Protection**

**Count 3** is equally unavailing.  Plaintiff merely alleges that he was denied "equal protection of [the] law in violation of [the] Fourteenth Amendment" (Doc. 1, pp. 1, 6-7). Beyond this, the complaint does not flesh out this claim in any way.  A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.  A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation.  Discriminatory purpose, however, implies more than

> intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango,* 681 F.2d at 1104). The complaint does not allege that Plaintiff was part of a protected class or that he was singled out for disparate treatment because of his membership in that class. Further, the complaint fails to state a class-of-one equal protection claim. To state a claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson v. Chetek*, 719 F.3d 780, 784-85 (7th Cir 2013) (quoting *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). No allegations suggest that Plaintiff was treated differently than other similarly situated individuals. Accordingly, the equal protection claim fails, and Count 3 shall be dismissed against Defendants with prejudice.

**Pending Motion**

Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED** as moot.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the

appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because this Court is treating Plaintiff as though he "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

    The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED: January 17, 2014**

    *s/ J. Phil Gilbert*
United States District Judge